**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION**

|  |  |  |
|---|---|---|
| MARSHA BENNETT, | : | |
| Plaintiff, | : | Civil Case No.: |
| vs. | : | |
| CAPITAL ONE FINANCIAL CORP. | : | **PLAINTIFF'S COMPLAINT FOR** |
| Defendant. | : | **DAMAGES** |
|  | : | |
|  | : | |

MARSHA BENNET (Plaintiff), by her attorney, alleges the following against CAPITAL ONE FINANCIAL CORP., (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

2. Count II of Plaintiff's Complaint is based on knowing and/or willful violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**PARTIES**

5. Plaintiff is a natural person residing in the Cumberland County, in the city of Bridgeton, New Jersey.

6. Defendant is a corporation doing business in the State of New Jersey, and is a Virginia corporation with its principal place of business located in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (856) 364-03XX.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-660.

12. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

PLAINTIFF'S COMPLAINT

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, MARSHA BENNET.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about November 14, 2016, at or about 2:33 p.m. Pacific Standard Time, the Plaintiff called into Defendant's company at phone number (800) 955-6600 and spoke with Defendant's female representative and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on November 14, 2016.

20. Despite Plaintiff's request to cease, Defendant placed another three (3) collection calls to Plaintiff on November 25, 2016.

21. Defendant continued to place collection calls to Plaintiff through January 25, 2017.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred twenty-four (124) automated calls to Plaintiff's cell phone.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MARSHA BENNET, respectfully requests judgment be entered against Defendant, CAPITAL ONE FINANCIAL, CORP., for the following:

### FIRST CAUSE OF ACTION

31. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (124); $62,000.00;

32. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

33. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (124); $186,000.00;

34. Actual damages and compensatory damages according to proof at time of trial;

### ON ALL CAUSES OF ACTION

35. Actual damages and compensatory damages according to proof at time of trial;

36. Costs and reasonable attorneys' fees;

37. Any other relief that this Honorable Court deems appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: June 29, 2017

**THE LAW OFFICE OF DANIEL RUGGIERO**

By: <u>*/s/ Daniel Ruggiero*</u>
Daniel G. Ruggiero
THE LAW OFFICE OF DANIEL RUGGIERO
275 Grove St.
Suite 2-400
Newton, MA 02466
T: (339) 237-0343
F: (339) 707-2808
Email: DRuggieroEsq@gmail.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT